# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY TUTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-138 |
| | ) | |
| MEG HEAP, *et al.*., | ) | |
| | ) | |
| Defendants. | ) | |

# ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, Michael Anthony Tutt, brings this 42 U.S.C. § 1983 action against various state officials involved in his arrest and prosecution.[1] Doc. 1. The Court granted his request to pursue his case *in forma pauperis* (IFP), doc. 3, and he returned the necessary forms. Docs. 5 & 6. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim.[2]

---

[1] In his Complaint, Tutt names District Attorneys Meg Heap and Ian Heap, Judge Mary K. Moss, Chatham County, Georgia Sheriff John Wilcher, the unnamed Sheriff of Tybee Island, Georgia Police Department, Chatham County Narcotics Team agents Gary Woodruff and David Baker, and defense counsel Gilbert L. Stacy.

[2] Because the Court applies Fed. R. Civ. P. 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001),

# I. BACKGROUND

Tutt was cited during a "routine traffic stop" on February 13, 2018 after Tybee Island police officer Price suspected he was driving under the influence. Doc. 1 at 5 (alleging he tested negative). He was arrested for driving with a suspended/revoked license. *Id.* The next day, he was taken for his initial appearance/preliminary hearing before Judge Moss without counsel present. *Id.* CNT agent Woodruff testified, however, to support the imposition of a bond. *Id.* Apparently, after his arrest Tutt's vehicle had been searched and methamphetamine and (perhaps — he denies it was ever in his possession) a gun were recovered, leading to the tacking on of felony possession charges during the February 14, 2018 hearing. *Id.* at 6.

Tutt contends CNT agents Woodruff and Baker filed a false report that he had drugs and a gun in the car, since a search by Tybee officers reflected no firearm. Doc. 1 at 7. The gun, he explains, was actually found in another's car. *Id.* at 8 (on February 26, 2018, the gun was apparently

---

allegations in the Complaint are taken as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal).

recovered from Rene Dougherty Allred's vehicle; their relationship, if any, is unclear from the Complaint). Stacy, his assigned public defender, has deficiently represented him by encouraging Tutt to accept a plea agreement. *Id*. at 8. Tutt seeks damages, the resignation of "all parties," an "investigation on the District Attorneys office, and Public Defenders office," that "all evidence" and "secondary evidence be exclude[d]", and release from custody. *Id*. at 9.

## II. ANALYSIS

Tutt waves at claims for false arrest or malicious prosecution. A claim for false arrest derives from the constitutional right to be free from "unreasonable searches and seizures." U.S. CONST. AMEND. IV. A warrantless arrest made without probable cause violates the Fourth Amendment and forms the basis of a § 1983 claim for damages. *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996); *Max v. Gumbinner*, 905 F.2d 1503, 1505 (11th Cir. 1990); *Von Stein v. Bresher*, 904 F.2d. 572, 578 (11th Cir. 1990). The existence of probable cause, however, is a bar to § 1983 claims based on false arrest and false imprisonment. *Ortega*, 85 F.3d at 1525-26. And Tutt affirmatively pleaded that there was probable cause for his arrest (he was driving without a valid license). Doc. 1 at 5;

3

*see also United States v. Regan*, 218 F. App'x 902, 904 (11th Cir. 2007) ("brief, suspicionless seizures of motorists at a sobriety checkpoint aimed at removing drunk drivers from the road" are constitutionally permissible, as are "roadblock[s] to question all oncoming traffic to verify [ ] drivers' licenses and vehicle registrations with the interest of serving highway safety"). He has no claim against arresting officer Price.

In a case of continuing detention (as here), "false imprisonment ends once the victim becomes held pursuant to [legal] process — when, for example, he is bound over by a magistrate or arraigned on charges." *Wallace v. Kato*, 549 U.S. 384, 389-90 (2009); *see State v. Tutt*, CR18-471 & CR18-637 (Chatham Super. Ct.). Once an arrestee's unlawful detention becomes a product of legal process, his continued custody may still be unlawful, but any damages suffered after that point must be recovered under the "entirely distinct" tort of malicious prosecution, "which remedies detention accompanied not by the absence of legal process, but by *wrongful institution* of legal process." *Id*. at 390. In other words, the torts of malicious prosecution and false imprisonment are distinct, and the former supplants the latter after legal process is initiated.

The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). An essential element of a malicious prosecution claim, however, is the termination of the criminal prosecution in the plaintiff's favor. *Id.* at 882. In the case at bar, there is no allegation that the Chatham County criminal cases have been resolved in Tutt's favor. *See* doc. 1; *see Tutt*, CR18-471 & CR18-637 (Chatham Super. Ct.) (felony possession cases "open" as of February 26, 2019, with plea hearing set for May 16, 2019). Accordingly, he does not state a claim for malicious prosecution and any such claim against any of the named defendants should be **DISMISSED**. Even if he had pled (or could plead) favorable termination, several of the named defendants are immune from suit.[3]

---

[3] Tutt has sued a panoply of individuals and entities not subject to § 1983 liability under any theory. Judges, like Judge Moss, are absolutely immune from civil liability for acts taken pursuant to their judicial authority, *see, e.g., Forrester v. White*, 484 U.S. 219, 227-29 (1988), even when the judicial acts are done maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). District attorneys too are immune from § 1983 liability, where their alleged malfeasance stemmed entirely from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. . . .'"); *see Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Jackson v. Capraun*, 534 F. App'x

Tutt, in passing, argues that the drug and gun evidence must be suppressed/excluded from consideration in his state prosecutions because they were procured in violation of his Fourth Amendment rights. Doc. 1 at 6-8. Any ruling by this Court as to the constitutionality of the post-arrest impoundment and search of his vehicle could substantially interfere with the results reached in the state court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the

---

854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent).

And defense counsel, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 318 n. 7 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."); *Pearson v. Myles*, 186 F. App'x 865, 865 (11th Cir. 2006) (court-appointed defense counsel did not act under color of state law and thus was not subject to liability under § 1983); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) ("A private attorney who is retained to represent a criminal defendant is not acting under color of state law."), *cited in Robinson v. Bernie*, 2007 WL 80870 at *1 (S.D. Ga. Jan. 8, 2007). The State of Georgia and its agencies, including the Tybee Island Police Department, are also indisputably immune from suit as well. *Polite v. Dougherty County School Sys.*, 314 F. App'x 180, 184 (11th Cir. 2008) ("Sovereign immunity extends to the state and all of its departments and agencies and can be waived only by a legislative act specifically delineating the waiver." (citing Ga. Const. Art. I, § 2, ¶ IX(e))."); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (sheriff and police departments not usually considered legal entities subject to suit). Any claim against those defendants, even if it pled the requisite elements, would, nevertheless, be subject to dismissal.

Sheriff Wilcher and the Sheriff of Tybee Island, who are amenable to § 1983 suit, cannot be brought in to the Complaint under a theory of *respondeat superior* or vicarious liability. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691 (1978); *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Tutt's Complaint, however, does not include *any* allegation connecting either individual to his allegedly tortious arrest and confinement. Thus, any claim against the Sheriffs must also be **DISMISSED**.

importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate).

Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. Plaintiff, obviously, remains free to allege the same constitutional violations at issue here in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*. 401 U.S. at 47 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Thus, these are arguments for the state court. *See also Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention

may be an appropriate response to the parallel state-court proceedings.").[4] Any claim regarding the exclusion of evidence in his criminal proceedings must be **DISMISSED**.

Finally, Tutt's premature discovery motions, docs. 5 & 11, are **DENIED**. In addition to being rendered moot by this Report and Recommendation (R&R), they are have been improperly lodged with the Court rather than served in compliance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 5(b) (describing procedure for service). Discovery requests are *not* filed with the Court. Fed. R. Civ. P. 5(d) (initial disclosures and discovery requests/responses are *not* filed until they are used for a motion or the court orders them to be filed).

---

[4] Indeed, to the extent that his allegations implicate the validity of his continued detention and he seeks immediate or speedier release, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck*, 512 U.S. at 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

## III. CONCLUSION

In sum, Tutt's Complaint should be **DISMISSED** for failure to state a claim upon which relief can be granted and his discovery motions are **DENIED**. Although the Court sees no apparent basis upon which the deficient claims could be amended, plaintiff's opportunity to object to this R&R within 14 days affords him an opportunity to resuscitate them. He may submit an Amended Complaint during that period if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163, at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)). To state a claim, however, plaintiff must be able to both plead the requisite elements of a § 1983 claim *and* identify a defendant who is not immune from suit.

Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $3.45 in average monthly deposits over the six month period prior to the date of his Prison Account Statement. Doc. 6. He therefore owes an initial partial filing fee of $0.69. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $0.69 to the Clerk of Court and set aside 20 percent of all future

deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[5]

This R&R is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

[5] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

10

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 27th day of February, 2019.

*/s/ Christopher L. Ray*
_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA